UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GHOLSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:15-CV-1478-AGF |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on movant William Gholson's motion to reinstate his amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the following reasons, movant's motion will be denied.

## Background

On October 7, 2011, movant pled guilty to one count of conspiracy to distribute and possess with the intent to distribute more than five kilograms of cocaine and fifty grams of cocaine base, and three counts of distribution of more than five grams of cocaine base. *See United States v. Gholson* ("*Gholson I*"), Case No. 4:10-CR-618-AGF-3 at ECF No. 559. On March 5, 2012, the Court sentenced movant to 204 months' imprisonment and five years of supervised release. Movant was sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines (the "Guidelines").

On December 3, 2014, in *Gholson I*, counsel filed a motion for retroactive application of amendment 782 of the Guidelines. The probation office filed a report stating that movant was sentenced as a career offender under the Guidelines, and thus not eligible for a reduction in his sentence based on amendment 782. Following the filing of this probation report, defense counsel

filed a motion to withdraw his previously filed motion, which the Court granted. *See Gholson I*, ECF No. 867.

On August 10, 2017, in *Gholson I*, movant filed another pro se motion for retroactive application of amendment 782 of the Guidelines. *See Gholson I*, ECF No. 948. The Court denied movant's pro se motion because, again, movant's offense level was determined based on his career offender status under § 4B1.1. *See Gholson* at ECF No. 951. Additionally, the Court stated that movant's sentence of 204 months' imprisonment resulted from a downward variance below the Guideline range. "This sentence is below the Guideline range under the amended Guidelines. Pursuant to U.S.S.G. § 1B1.10(b)(C)(A), a Court may not reduce a defendant's term of imprisonment to a term that is less than the minimum of the Amended Guideline range." *Id.*

On September 25, 2015, movant filed a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court opened the instant case, *Gholson v. United States*, 4:15-CV-1478-AGF ("*Gholson II*"), and appointed the Federal Public Defender to represent movant. On March 21, 2016, counsel filed an amended motion to vacate under § 2255. Counsel asserted that under *Johnson* movant did not qualify as a career offender.

Simultaneously, counsel filed a motion to stay *Gholson II* based on the Supreme Court's pending case *Welch v. United States*, which presented the question of whether *Johnson* applied retroactively in a Guidelines context. The Court granted this stay. During the stay of the case pending *Welch*, counsel file another motion to stay pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which the Court also granted. *See* ECF No. 19.

On April 13, 2017, after *Beckles* was decided, movant's counsel filed a motion to voluntarily dismiss without prejudice *Gholson II*. See ECF No. 23. Movant, himself, filed a

signed acknowledgement that he had authorized counsel to file the motion to voluntarily dismiss. *See id.* On April 17, 2017, the Court granted movant's motion and dismissed this case without prejudice.[1]

On January 19, 2018, the Eighth Circuit Court of Appeals issued a Judgment in *Gholson II*, denying movant's petition for authorization to file a successive habeas application in the district court.

## Discussion

Now pending before the Court is movant's pro se motion filed July 30, 2018 "for an order reinstating the motion that was filed in this Court amended motion Title 18 U.S.C. § 2255 and the amended motion to correct sentence under 28 U.S.C. § 2255." Movant is requesting the Court to reopen this case that, on the advice of counsel, movant voluntarily dismissed under Rule 41(a) after the Supreme Court's decision in *Beckles*. Movant states as follows:

> [I]n light of *Johnson*, his Sentence violates Due Process of Law. This Court should reinstate The Material that was Requested held in abeyance. This Court should Vacate his erroneous Career Offender Sentence and Re-Sentence him without The Career Offender Enhancement.

First, this case was closed through movant's voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A). A voluntary dismissal under Rule 41(a) normally divests the Court of jurisdiction over the action. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378-82 (1994). Exceptions to this rule have been recognized for matter arising under Federal Rules 11 and 60, however, neither rule is applicable here. *See id.*

---

[1] On June 14, 2018, movant filed another pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The Court opened another new case, and denied movant's motion as time barred. *See Gholson v. United States*, Case No. 4:18-CV-970-AGF (E.D. Mo. filed Jun. 14, 2018) ("*Gholson III*").

Even assuming the Court had jurisdiction to address the merits of movant's motion, the Court would deny the motion. In *Beckles*, the Supreme Court held that the residual clause in § 4B1.2(a) of the Guidelines is not subject to a void for vagueness challenge under the due process clause. Based on *Beckles*, movant's argument that his prior conviction for felonious restraint was not a "crime of violence" and thus he did not qualify as a career offender under § 4B1.2(a) is meritless. *See Beckles*, 137 S. Ct. at 895. Moreover, prior to filing the instant motion in this case, the United States Court of Appeals for the Eighth Circuit denied movant's petition to authorize a successive habeas application in the district court.

For these reasons, the Court will deny movant's motion to reinstate his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 motion.

Accordingly,

**IT IS HEREBY ORDERED** that movant William Gholson's motion for an order reinstating his amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. [ECF No 28]

Dated this 21st day of May, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE